IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE E. SWINDELL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-1963 (RWR) |
| ) | |
| v. ) | |
| ) | |
| ALBERTO R. GONZALES, ) | |
| ATTORNEY GENERAL ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE ) | |
| 950 Pennsylvania Avenue, N.W. ) | |
| Washington, DC 20530 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant, Alberto R. Gonzales, in his official capacity as head of the United States Department of Justice ("Defendant"), through the undersigned counsel, hereby answers the Complaint filed in the above-styled action.

Defendant responds to the corresponding numbered paragraphs of the Complaint by admitting, denying or stating the following:

1. This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

2. This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required. Defendant admits that Plaintiff has filed this action in excess of 180 days after she filed a charge of discrimination. Defendant is without information sufficient to form a belief as to the truth of the statement that Plaintiff has exhausted all of her administrative remedies; however, to the extent that a response

is required, Defendant denies this statement.

3. This paragraph contains Plaintiff's allegation as to venue which is a conclusion of law to which no response is required.

4. Defendant admits that Plaintiff is a 58 year-old African-American, and a United States citizen. Defendant denies that Plaintiff is a resident of the District of Columbia because her complaint indicates that she resides in Fort Washington, Maryland. Defendant admits that Plaintiff has been employed by the Federal Bureau of Investigation ("FBI") since November 1991.

5. Defendant admits that Alberto Gonzales is the Attorney General of the United States. Defendant denies that Mr. Gonzales is the "head of the FBI." Defendant admits that Mr. Gonzales is being sued in his official capacity as the head of the United States Department of Justice.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that on April 2, 2005, Plaintiff received an e-mail advising her that although her application was ranked among those "most qualified" for the vacancy, she had not been selected for the position.

8. Defendant admits that the GS-15 Supervisory Program Analyst position was awarded non-competitively to a Caucasian female who was younger than Plaintiff and who was an FBI contract employee.

9. This paragraph contains conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9.

10. This paragraph contains conclusions of law, not averments of fact, to which no

response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 10.

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant states that Plaintiff is not entitled to the relief requested or to any relief whatsoever. Defendant states that Plaintiff is not entitled to a jury trial concerning her claims brought pursuant to the Age Discrimination in Employment Act. Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by § 42 U.S.C. § 1981a and that exemplary damages may not be awarded in this action.

All allegations contained in the Complaint not heretofore specifically admitted, modified or denied are hereby generally denied as completely as if separately and specifically denied.

### FIRST DEFENSE

Plaintiff did not timely contact an EEO counselor within 45-days of the discriminatory events complained of in the Complaint.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant took the actions alleged in the Complaint for legitimate, non-discriminatory reasons, which Plaintiff cannot establish are pretextual.

### FOURTH DEFENSE

Plaintiff may have failed to exhaust her administrative remedies and her filing may be untimely.

## FIFTH DEFENSE

Assuming the trier of fact determines that Plaintiff's race or age was a motivating factor in any of Defendant's decisions, Defendant would have still made the same employment decision absent such unlawful motivation.

## SIXTH DEFENSE

Plaintiff has failed to mitigate her damages.

## SEVENTH DEFENSE

Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c)

**WHEREFORE**, Defendant requests that the Court dismiss the Complaint and award Defendant such other relief as the Court may deem appropriate, including costs.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Kathleen O'Neill-Taylor
Assistant General Counsel
Office of the General Counsel
Employment Law Unit I
Federal Bureau of Investigation
935 Pennsylvania Avenue, NW
PA-400
Washington, DC 20535