IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACQUELINE E. SWINDELL**,  Plaintiff,  v.  **ALBERTO GONZALES**, Attorney General of the United States,  Defendant. | Civil Action No. 06-1963 (RWR) |

## JOINT RULE 16.3 REPORT

The parties have conferred in accordance with Local Civil Rule 16.3(c) and Federal Rule of Civil Procedure 26(f). Accordingly, the parties file the following report:

Joint Statement of the Case: This is an employment discrimination case regarding non-selection for a GS-15 position. Plaintiff alleges that she was denied a position as a GS-15, Supervisory Program Analyst, Unit Chief position within the Federal Bureau of Investigations ("FBI") headquarters, Intelligence Resources Unit ("IRU"), Office of Intelligence. This position was awarded to a younger, white female who was a FBI contract employee. According to Plaintiff, she was denied the position because she is black and over the age of 40 years old. Defendant contends that the selectee was more qualified for the position than Plaintiff, and thus Plaintiff was denied the position for a legitimate, nondiscriminatory reason.

Statement of Jurisdiction: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 and the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

1. <u>Dispositive Motions</u>: Plaintiff does not expect to file a dispositive pleading. Defense counsel believes that after discovery, a dispositive motion may be appropriate.

2. <u>Joinder/Amendment/Narrowing</u>: The parties do not anticipate the necessity to join third parties or to amend the pleadings.

3. <u>Assignment To Magistrate Judge</u>: Defendant does not consent to assignment of this case to a magistrate judge for all purposes at this time.  Plaintiff would consent to assignment of this case to a magistrate judge for all purposes.

4. <u>Settlement Possibility</u>: Plaintiff is open to settlement discussions at any time.  Defendant believes settlement discussions should occur after initial discovery has been completed.

5. <u>Alternative Dispute Procedures</u>: Plaintiff is amenable to mediation with a magistrate judge at any time.  Defendant is amenable to mediation or ADR at some point after there has been some discovery in this matter.

6.  <u>Dispositive Motions</u>: Plaintiff does not believe that this case can be resolved by dispositive motion.  Defendant's position is that after discovery, a dispositive motion may be filed.  Defendant suggests that any post-discovery dispositive motion should be filed within 30 days after the close of discovery.  The parties agree to abide by the local rules regarding the timing of any opposition(s) and/or replies.

7. <u>Initial Disclosures</u>: The parties agree that initial disclosures should be exchanged within 30 days of the Court's issuance of a scheduling order.

8.  <u>Discovery</u>: The parties believe that 120 days is sufficient for discovery.  The parties agree to abide by the Federal Rules of Civil Procedure and the local rules of this Court regarding the limits of discovery.  The parties agree each side shall be limited to 25 interrogatories and 10 depositions.  The parties agree that a protective order will be necessary at some point in this litigation in order to protect documents covered by the Privacy Act, 5 U.S.C. §552a; confidential medical records; and any other confidential documents and information.

9. Experts: The parties do not anticipate the need for expert testimony, although their positions may change during the course of discovery in this case.

10. Class Action Procedures: Not applicable.

11. Bifurcation of Discovery or Trial: The parties do not see any need for bifurcation at this time.

12. Proposed Date For The Pretrial Conference: The parties believe that a pretrial conference should be set within 60 days following the close of discovery, or if a dispositive motion is filed, within 60 days following the ruling on such motion.

13. Trial Date: Should a trial be necessary in this case, the parties propose that the date should be set at the pretrial conference.

14. Other Matters: None.

Respectfully submitted,

　/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

　/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

　/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

　/s/ Ellen Kyriacou Renad
RICHARD L. SWICK, D.C. BAR # 936930
ELLEN KYRIACOU RENAD, D.C. BAR # 479376
Swick & Shapiro, P.C.

1225 Eye Street, NW
Suite 1290
Washington, DC 20005

COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JACQUELINE E. SWINDELL**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ALBERTO GONZALES,** )<br>Attorney General of the United States, )<br>)<br>Defendant. )<br> ) | Civil Action  No. 06-1963 (RWR) |

**PROPOSED INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the parties' Joint Rule 16.3 Report and the entire record herein, it is this ____ day of _____, 2007 hereby,

ORDERED that the parties shall abide by the following dates, deadlines and limitations:

| | |
|---|---|
| Initial disclosures | 30 days from the date of this Order. |
| Close of all discovery | 120 days from the date of this Order. |
| Interrogatories | 25 per party. |
| Depositions | 10 per party. |
| Deadline for filing dispositive motions: | 30 days after close of discovery. |
| Pretrial Conference: | 60 days after discovery closes or 60 days after the Court rules on post-discovery dispositive motions. |

IT IS SO ORDERED.


Date: _____        _____
                                    RICHARD W. ROBERTS
                                    UNITED STATES DISTRICT JUDGE